J-S11037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SANTOS D. TORRES-OLAN | : | |
| | : | |
| Appellant | : | No. 1161 WDA 2021 |

Appeal from the PCRA Order Entered August 25, 2021
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0001888-2015

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: JUNE 23, 2022**

Santos D. Torres-Olan ("Torres-Olan") appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, Torres-Olan's counsel ("Counsel") has filed a petition to withdraw from representation and a "no-merit" brief pursuant *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[2]  We deny Counsel's petition to withdraw.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] Counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), which applies in direct appeals, not PCRA appeals.  "Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a *Turner*/*Finley* 'no-merit letter' is the appropriate filing.  However, because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter.  *Commonwealth v. Reed*, 107 A.3d 137, 139 n.5 (Pa. Super. 2014) (some quotation marks and brackets omitted).

In light of our disposition, we do not summarize the complete factual and procedural history of this appeal. Briefly, following the affirmance of his judgment of sentence for terroristic threats, firearms not to be carried without a license, and possession of firearm with altered manufacturer's number,[3] Torres-Olan timely filed a *pro se* PCRA petition. The PCRA court appointed counsel ("prior PCRA counsel"), and ultimately held a hearing on April 29, 2021, despite prior PCRA counsel's filing of a **Turner**/**Finley** letter and a petition to withdraw. The court denied Torres-Olan's PCRA petition on August 25, 2021, but did not grant prior PCRA counsel leave to withdraw.

Torres-Olan timely filed a *pro se* notice of appeal. Prior PCRA counsel took no action as to the appeal, and for reasons not apparent in the record, present Counsel instead filed a Pa.R.A.P. 1925(b) statement on Torres-Olan's behalf. The PCRA court filed a statement in lieu of a Rule 1925(a) opinion adopting its August 25, 2021 order and opinion denying relief. In this Court, Counsel has filed a petition to withdraw and a "no-merit" brief.

When presented with **Turner**/**Finley** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **See Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019). A **Turner**/**Finley** brief must: (1) detail the nature and extent of

---

[3] This Court affirmed the judgment of sentence on December 31, 2019, and our Supreme Court denied allowance of appeal on July 13, 2020. **See Commonwealth v. Torres-Olan**, 225 A.3d 1200 (Pa. Super. 2019), *appeal denied*, 237 A.3d 385 (Pa. 2020). Torres-Olan filed his *pro se* PCRA petition on August 3, 2020.

counsel's review of the case; (2) list each issue the appellant wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the appellant's issues are meritless. *See id.* Counsel must send a copy of the brief to the appellant, along with a copy of the petition to withdraw, and inform the appellant of the right to proceed *pro se* or to retain new counsel. *See id.* If the brief meets these requirements, this Court will conduct an independent review of the appellant's issues. *See id.*

Our review of the petition to withdraw and "no-merit" brief reveals that Counsel substantially complied with *Turner*/*Finley*'s procedural requirements by detailing her review of the case, listing the issue Torres-Olan wished to raise, and explaining why she believed this appeal to be frivolous. *See Knecht*, 219 A.3d at 691; *see also* Petition for Leave to Withdraw as Counsel, 12/17/21, at 1-2; "No-Merit" Brief at 5, 7, 9. Counsel has also attached to her petition to withdraw a letter to Torres-Olan advising him of his right to proceed *pro se* or with private counsel and stating that she provided him with a copy of her petition and brief. *See* Petition for Leave to Withdraw as Counsel, 12/17/21, at 2 and attachment.

We observe, however, that the transcript of the April 29, 2021 PCRA hearing is not included in the record, nor are there any indications that Counsel ordered the transcript. *Turner*/*Finley* requires appellate counsel seeking withdrawal to undertake a full and thorough review of the record. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 n.11 (Pa. Super. 2003); *cf. Commonwealth v. Flowers*, 113 A.2d 1246, 1250 (Pa. Super. 2015)

(reviewing a petition to withdraw pursuant to **Anders** and concluding that neither counsel nor this Court can satisfy **Anders** if counsel fails to supply this Court with a complete record). Thus, absent any indication that Counsel obtained and reviewed the transcript of the PCRA hearing, we cannot conclude that she fulfilled her obligations pursuant to **Turner**/**Finley**, particularly since Counsel did not represent Torres-Olan at the hearing. **See Karanicolas**, 836 A.2d at 947 n.11.

Accordingly, we deny Counsel's petition to withdraw and direct her to file an advocate's brief or a new petition to withdraw and **Turner**/**Finley** brief following a review of the complete record. Counsel shall file her new brief in this Court within thirty days of the date of this memorandum and ensure the transcript of the PCRA hearing is transmitted to this Court as a supplemental record.

Petition to withdraw denied. Counsel is directed to file an advocate's brief or a new petition to withdraw and **Turner**/**Finley** brief consistent with this memorandum.